IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD A. JOBES,                          :
                                          :
             Petitioner,                  :
                                          :
      v.                                  :        Civil Action No. 19-837-GBW
                                          :
TRUMAN MEARS, Warden, and                 :
ATTORNEY GENERAL OF THE                   :
STATE OF DELAWARE,                        :
                                          :
             Respondents.                 :

---

# <u>MEMORANDUM OPINION[1]</u>

Edward A. Jobes. *Pro Se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

September 30, 2022
Wilmington, Delaware

---

[1]This case was reassigned to the undersigned's docket on September 7, 2022.

Williams, District Judge:

Presently pending before the Court is a Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 filed by Petitioner Edward A. Jobes.  (D.I. 3)  The

State filed an Answer in opposition.  (D.I. 10)  For the reasons discussed, the Court

will deny the Petition.

## I.   BACKGROUND

> [Petitioner] was arrested on October 8, 2015 and charged
> with one count of Rape in the Third Degree. The
> investigation arose after a witness revealed to her
> counselor that [Petitioner], who was 34 years old, had
> engaged in sexual intercourse with the 14 year old victim.
> The victim was interviewed at the Children's Advocacy
> Center but she was unable to discuss what had transpired
> with [Petitioner].  Due to the passage of time between the
> date of the offense and the disclosure, a SANE [Sexual
> Assault Nurse Examiner] kit could not be collected from
> the victim.  A search warrant was executed on
> [Petitioner's] house and a computer tower, two cell
> phones, and photographs were seized. Subsequently,
> [Petitioner] was taken to Delaware State Police Troop 3
> for questioning.   Prior to the interrogation Detective
> Shawn Doherty read [Petitioner] his *Miranda* rights,
> which he waived. During his statement, [Petitioner]
> admitted that the victim was his second cousin and that he
> communicated with her over the "KIK" which is a cell
> phone app. The Affidavit of Probable cause states
> [Petitioner] told the police that he and the victim
> communicated through computer and cell phone apps.
> After initially denying inappropriate contact, [Petitioner]
> claimed that the victim came onto him, he became
> sexually aroused and consequently he engaged in sexual
> intercourse with her.  He described the act in great detail,
> including physical positioning and the sequence of events.

> [Petitioner] stated that the sex act occurred on the couch in his shed.

*State v. Jobes*, 2017 WL 5075380, at *1 (Del. Super. Ct. Oct. 26, 2017).

Petitioner was indicted on December 7, 2015 for third degree rape. (D.I. 11-11 at 20)  On February 24, 2016, Petitioner pled guilty to the lesser-included offense of fourth degree rape. (D.I. 11-11 at 21)  The Superior Court sentenced Petitioner on May 24, 2016 to fifteen years of Level V incarceration, suspended after four years for decreasing levels of supervision. (*See* D.I. 11-11 at 47)  Petitioner did not file a direct appeal.

On July 8, 2016, Petitioner filed a *pro se* motion for modification of sentence. (D.I. 11-1 at Entry No. 10)  The Superior Court summarily denied the motion on July 15, 2016, and Petitioner did not appeal that decision. (*See* D.I. 10 at 2)

On July 18, 2016, Petitioner filed in the Superior Court a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11-1 at Entry No. 12); *see Jobes,* 2017 WL 5075380, at *1.  In October 2017, a Delaware Superior Court Commissioner issued a report recommending the denial of Petitioner's Rule 61 motion. *See id.* at *4.  The Superior Court adopted the Report and Recommendation in September 2018 and denied the Rule 61 motion. *See State v. Jobes*, 2018 WL 4507651, at *1 (Del.

2

Super. Ct. Jan. 11, 2018).  The Superior Court reissued the order on September 18, 2018 because Petitioner had not received timely notice of the January order.  *See State v. Jobes*, 2018 WL 4507651 at *1 (Del. Super. Ct. Sept. 19, 2018).  The Delaware Supreme Court affirmed the Superior Court's judgment on February 25, 2018.  *See Jobes v. State*, 206 A.3d 261 (Table), 2019 WL 949374, at *2 (Del. Feb. 25, 2019).

## II.    GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Additionally, AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

3

## B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief

unless the petitioner has exhausted all means of available relief under state law.

*See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999);

*Picard v. Connor*, 404 U.S. 270, 275 (1971).  AEDPA states in pertinent part:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in
> the courts of the State; or
>
> (B)(i) there is an absence of available State corrective
> process; or (ii) circumstances exist that render such
> process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  This exhaustion requirement, based on principles of

comity, gives "state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review

process."  *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192

(3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by demonstrating that the

habeas claims were "fairly presented" to the state's highest court, either on direct

appeal or in a post-conviction proceeding, in a procedural manner permitting the

court to consider the claims on their merits.  *See Bell v. Cone*, 543 U.S. 447, 451

n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  If the petitioner raised the issue on direct appeal in the correct procedural manner, the claim is exhausted and the petitioner does not need to raise the same issue again in a state post-conviction proceeding.  *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, and further state court review of those claims is barred due to state procedural rules, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *See Coleman v. Thompson*, 501 U.S. 722, 732, 750-51 (1991) (such claims "meet[] the technical requirements for exhaustion" because state remedies are no longer available); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006).  Such claims, however, are procedurally defaulted.  *See Coleman*, 501 U.S. at 749; *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000).  Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted.  *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will

5

result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent,"[2] then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory

---

[2]*Murray*, 477 U.S. at 496.

6

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## C. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of § 2254(d) if the state court decision finally resolved the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state

7

court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.   DISCUSSION

The timely-filed Petition asserts the following five Claims:  (1) the police failed to provide Petitioner with a copy of the search warrant for his cell phone and computer; (2) the State engaged in prosecutorial misconduct by prosecuting Petitioner without forensic or physical evidence; (3) defense counsel provided ineffective assistance by failing to conduct an "adequate investigation" and "perform dut[ies]" Petitioner requested; (4) Petitioner's constitutional rights and his right to due process were violated when (a) the police entered his house without a search warrant; and (b) defense counsel provided ineffective assistance; and (5) the police engaged in misconduct because the victim stated in her report to the

Child Advocacy Center that she never had sex with Petitioner.

## A. Claims One and Four (a): Fourth Amendment Violations

In *Stone v. Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that a federal court cannot review a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state court. *See also Wright v. West*, 505 U.S. 277, 293 (1992). A petitioner is considered to have had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore avoids the *Stone* bar, if the state system contains a structural defect that prevented the state court from fully and fairly hearing the petitioner's Fourth Amendment argument. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002). Notably, "an erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Id.*

Claims One and Four (a) assert that the police violated Petitioner's Fourth Amendment rights by conducting a search and seizing evidence without a warrant. Although Petitioner did not file a motion to suppress, Rule 41 of the Delaware

9

Superior Court Rules of Criminal Procedure provides a mechanism for filing a

pretrial motion to suppress evidence in Delaware state criminal proceedings. *See*

*Wright v. Pierce*, 82 F. Supp. 3d 558, 567 (D. Del. 2015). Nothing in the record

indicates that Petitioner was prevented from filing a Rule 41 suppression motion,

and Petitioner actually did present the instant Fourth Amendment argument in his

Rule 61 motion and on post-conviction appeal. Consequently, the Court concludes

that Petitioner was afforded a full and fair opportunity to litigate his Fourth

Amendment claims in the Delaware state courts. Accordingly, the Fourth

Amendment arguments in Claims One and Four (a) are barred by *Stone*.

### B. Claims Three and Four (b): Ineffective Assistance of Counsel

After reviewing the arguments Petitioner raised in his Rule 61 proceeding[3]

---

[3] In his Rule 61 motion, Petitioner argued that defense counsel provided ineffective assistance by: (1) failing to consult with him; (2) misleading him about the evidence; (3) failing to object to the videotaped police statement; (4) failing to provide him with discovery materials; (5) failing to object to the admission of Petitioner's juvenile record during sentencing; and (6) failing to get the digital evidence "tossed." (D.I. 11-3 at 4) On post-conviction appeal, Petitioner argued that defense counsel provided ineffective assistance by: (1) failing to file a timely motion to suppress lineup identification evidence; (2) failing to file a timely motion to suppress illegally seized evidence; and (3) failing to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) in order to challenge the warrant. (D.I. 11-9 at 8) In the instant Petition, Petitioner perfunctorily asserts that defense counsel provided ineffective assistance by failing to conduct an adequate investigation (Claim Three), failing to perform duties Petitioner asked to be performed (Claim Three), and failing to pursue the issue of the warrantless search of his house and the ensuing illegal search and seizure (Claim Four (b)). (D.I. 1 at 8-10)

in conjunction with the arguments raised in the instant Petition, the Court liberally construes Claims Three and Four (b) as contending that defense counsel provided ineffective assistance by failing to conduct an adequate investigation, failing to review the discovery materials with Petitioner, and failing to file a motion to suppress the evidence seized by the police. Petitioner presented these arguments in his Rule 61 motion, which the Superior Court denied as meritless. *See Jobes*, 2018, 4507651, at *3. The Delaware Supreme Court affirmed that decision. *See Jobes*, 2019 WL 949374, at *2. Given these circumstances, Petitioner will only be entitled to habeas relief if the Delaware state court decisions[4] were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate

---

[4]Because the Superior Court provides a more in-depth analysis of Petitioner's instant ineffective assistance of counsel Claims, the Court will refer to both state court decisions when reviewing these Claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (2018) (reiterating that when a higher court affirms a lower court's judgment without an opinion or other explanation, federal habeas law employs a "look through" presumption and assumes that the later unexplained order upholding a lower court's reasoned judgment rests upon the same grounds as the lower court judgment).

that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A court many deny an ineffective assistance of counsel claim by only deciding one of the *Strickland* prongs. *See Strickland*, 466 U.S. at 697.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that

12

the Delaware state courts correctly articulated the *Strickland/Hill* standard as governing Petitioner's instant ineffective assistance of counsel contentions.[5] As a result, the decisions were not contrary to clearly established Supreme Court precedent. *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established Federal law because appropriately relied on its own state court cases, which articulated the proper standard derived from Supreme Court precedent); *Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine if the Delaware state courts reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing this inquiry, the Court must review the courts' denial of Petitioner's ineffective assistance of counsel allegations through a "doubly deferential" lens. *See Harrington*, 562 U.S. at 105-06. "[T]he question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. When assessing

---

[5]The Superior Court and the Delaware Supreme Court cited to *Strickland* without citing *Hill*. Nevertheless, the standard they articulated correctly stated the standard set forth in both *Strickland* and *Hill*.

13

prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

The Superior Court provided the following explanation for denying Petitioner's ineffective assistance of counsel arguments:

> [I]t is abundantly clear that [Petitioner] has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that [Petitioner's] self-serving claims that his counsel's representation was ineffective. [Petitioner's] counsel clearly denies the allegations.
>
> [Petitioner] was facing the possibility of a minimum mandatory sentence for a potentially very long period of incarceration. As a result of pleading to the lesser included offense and having an open sentencing, [Petitioner] had the possibility of receiving a sentence with little or no time incarcerated, and the sentence and plea were reasonable under all the circumstances, especially in light of his confession. Prior to the entry of the plea, [Petitioner] and his attorney discussed the case. The plea bargain was clearly advantageous to [Petitioner]. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when [Petitioner] entered his guilty plea, he stated he was satisfied with defense

14

counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary. Consequently, [Petitioner] has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of [Petitioner] was somehow deficient, [Petitioner] must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal. In an attempt to show prejudice, [Petitioner] simply asserts that his counsel was ineffective. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find [Petitioner's] grounds for relief are meritless.

*Jobes*, 2017 WL 5075380, at *3-4. The Superior Court also held that Petitioner was bound by the statements he made during the plea colloquy and that Petitioner "entered his guilty plea knowingly and voluntarily." *Id.* at *4.

When affirming the Superior Court's denial of Claims Three and Four (a), the Delaware Supreme Court opined:

In this case, [Petitioner's] claims of ineffective assistance of counsel are not supported by the record. The evidence against [Petitioner] included his confession to the police that he engaged in sexual conduct with a fourteen-year-old girl. If [Petitioner] had gone to trial on the charge of Rape Third Degree, which is a Class B felony, he risked the imposition of a prison sentence of at least two years and up to twenty-five years. By pleading guilty to Rape Fourth Degree, which is a Class C felony, he ensured a much lower maximum term of incarceration and eliminated the minimum term of incarceration. Under these

15

> circumstances, [Petitioner] cannot demonstrate a
> reasonable probability that the outcome of his case would
> have been better for him if he had gone to trial rather than
> enter into a plea agreement. We therefore conclude, as did
> the Superior Court, that the claim of ineffective assistance
> of counsel is without merit.

*Jobes*, 2019 WL 949374, at *2. In addition, after reviewing the transcript of the

guilty plea, the Delaware Supreme Court held that Petitioner was "bound by his

sworn representations during the guilty plea colloquy" and, therefore, concluded

that Petitioner had "entered his plea knowing, intelligently, and voluntarily." *Id.* at

*3.

It is well-settled that "[s]olemn declarations in open court carry a strong

presumption of verity [creating a] formidable barrier in any subsequent collateral

proceedings." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In this case, the

transcript of Petitioner's plea colloquy contains his clear and explicit statements

that he had discussed his case with defense counsel, that he was satisfied with his

counsel's representation, and that he committed the crimes to which he was

pleading guilty. (D.I. 11-2 at 6, 8-9) Notably, when asked if defense counsel

discussed the "evidence in [his] case [and] any defenses [he] believe[d] he may

have [had]" and whether he had the opportunity to "ask any questions so that [he]

understood what [he was] doing" by pleading guilty, Petitioner answered "Yes."

(D.I. 11-2 at 8-9) The Truth–In–Sentencing Guilty Plea Form signed by Petitioner

16

also indicates that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he was satisfied with his lawyer's representation. (D.I. 11-6 at 7)  In this proceeding, Petitioner has failed to provide any evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true.  Thus, the Court concludes that the Delaware courts reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy concerning the adequacy of defense counsel's performance and the voluntariness of his plea.[6]

The statements Petitioner made during the plea colloquy belie his present allegations that defense counsel performed deficiently by failing to conduct an adequate investigation and failing to review the discovery materials with him. Additionally, defense counsel's Rule 61 affidavits belie all three of Petitioner's ineffective assistance allegations.  In her affidavits, defense counsel explains that: (1) she reviewed the discovery responses with Petitioner, which included the victim's statement and Petitioner's police statement; (2) Petitioner only agreed to

---

[6] Although the Delaware state courts did not cite *Blackledge* when determining the voluntariness of Petitioner's guilty plea, the Delaware cases to which the courts cited – *Palmer v. State*, 810 A.2d 530 (Table), 2002 WL 31546531 (Del. Nov. 13, 2002) and *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) – did cite to *Blackledge*.

enter the plea after he had an opportunity to ask counsel questions; and (3) she did not send the discovery to the prison due to the sensitive nature of the allegations and the lack of privacy at the prison. (D.I. 11-4 at 1-2; D.I. 11-5 at 1-2) Defense counsel also explains that "no meritorious basis existed for filing a motion to suppress [Petitioner's] recorded statement, which was provided to the police following [Petitioner] being read and waiving his *Miranda* rights." (D.I. 11-4 at 1) The Delaware state courts found defense counsel's affidavits to be more credible than Petitioner's allegations and, since Petitioner has not provided any clear and convincing evidence in this proceeding to rebut that factual finding, the Court defers to that determination. For all of these reasons, the Court concludes that Petitioner has failed to satisfy the performance prong of the *Strickland/Hill* standard.

Petitioner has also failed to satisfy the prejudice prong of the *Strickland* standard. To begin, Petitioner does not assert that he would have proceeded to trial if not for defense counsel's actions. Additionally, as noted by the Delaware state courts, Petitioner derived a significant benefit by pleading guilty. Petitioner would have faced a minimum mandatory two-year sentence and a maximum twenty-five year sentence if he had proceeded to trial on the third degree rape charge. By pleading guilty to fourth degree rape, Petitioner eliminated the minimum mandatory two-year sentence and faced a lowered maximum sentence of fifteen

18

years.

Thus, looking through the doubly deferential lens applicable to ineffective assistance of counsel claims on federal habeas review, the Court concludes that the Delaware state courts reasonably applied the *Strickland/Hill* standard in denying Petitioner's second ineffective assistance of counsel argument. Accordingly, the Court will deny Claims Three and Four (b) for failing to satisfy § 2254(d).

## C. Claims Two and Five: Prosecutorial and Police Misconduct

In Claim Two, Petitioner contends that the State engaged in prosecutorial misconduct by prosecuting him without forensic or physical evidence. In Claim Five, Petitioner contends that the police engaged in misconduct because the victim stated in her report to the Child Advocacy Center that she never had sex with Petitioner. After reviewing the instant arguments in conjunction with Petitioner's opening brief on post-conviction appeal (D.I. 11-9), the Court liberally construes Claims Two and Five as alleging that the State committed misconduct by withholding favorable evidence and that there was insufficient evidence to indict or convict him. Petitioner presented these Claims to the Superior Court in his Rule 61 motion. The Superior Court held that Claims Two and Five were procedurally barred by Delaware Superior Court Criminal Rule 61(i)(3) because Petitioner did not present them during the plea colloquy, sentencing hearing, or direct appeal. *See Jobes*, 2017 WL 5075380, at *2 . The Delaware Supreme Court affirmed the

19

Superior Court's decision, holding that "the Superior Court correctly recognized that Rule 61(i)(3) barred [Petitioner's] claims that did not implicate the effectiveness of hi his counsel because he did not raise those claims during the guilty plea proceeding and did not demonstrate cause for the procedural default." *Jobes*, 2019 WL 949374, at \*2.

By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed* that its decision rested on state law grounds. This Court has consistently held that Rule 61(i)(3) is an independent and adequate state procedural rules effectuating a procedural default. *See Trice v. Pierce*, 2016 WL 2771123, at \*4 (D. Del. May 13, 2016). Therefore, the Court cannot review the merits of Claims Two and Five absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner does not allege, and the Court does not discern, any cause for Petitioner's default of Claims Two and Five. The absence of cause eliminates the need to address the issue of prejudice. Nevertheless, Petitioner cannot demonstrate that he will be prejudiced by his default. The Court has already determined that the Delaware state courts reasonably applied clearly established federal law in holding that Petitioner's guilty plea was voluntary, knowing, and intelligent. *See supra* at Section III.B. A criminal defendant's valid guilty plea waives all non-

20

jurisdictional issues[7] and claims "relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Trice*, 2016 WL 2771123, at *5. Claims Two and Five involve non-jurisdictional issues that occurred prior to the entry of Petitioner's guilty plea and do not challenge the voluntariness of that plea. Since Petitioner already waived his right to assert the arguments in Claims Two and Five by pleading guilty, he cannot demonstrate that he will be prejudiced by his default of these Claims.

Additionally, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims Two and Five as procedurally barred from habeas review.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by

---

[7]As noted by the Court of Appeals for the Tenth Circuit, the term non-jurisdictional is somewhat confusing and "[t]he most accurate statement of the law would be ... [that a] guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court." *United States v. DeVaughn*, 694 F.3d 1141, 1193 (10th Cir. 2012).

demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court concludes that the instant Petition must be denied. An appropriate Order will be entered.